# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | **Case: 1:21−cv−03339 JURY DEMAND** |
| | ) | Assigned To : Jackson, Amy Berman |
| Brenda A. Patterson, | ) | Assign. Date : 12/17/2021 |
| | ) | Description: Pro Se Gen. Civ. (F−DECK) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| United States Department of Justice, John M. Gore, | ) | **VERIFIED COMPLAINT FOR** |
| Scott S. Harris, Donald J. Trump, Merrick B. | | **DAMAGES AND INJUNCTIVE RELIEF** |
| Garland, Kristen M. Clarke, Joseph R. Biden, Jr., | ) | |
| | | **FIFTH AMENDMENT** |
| Defendants, | ) | **42 U.S.C. 1986** |
| | | **BIVENS V. SIX UNKNOWN AGENTS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---

## INTRODUCTION

1.     This action is about deliberate indifference and the denial of the equal protection of the

law when filing a civil rights Complaint with the United States Department of Justice Civil

Rights Division. This action also concerns the obstruction, fraud, and due process violations

committed by the Head Clerk of the Supreme Court of the United States, Scott S. Harris

when filing a 28 U.S.C. 2241 Petition for Writ of Habeas Corpus (hereinafter Petition).

## JURISDICTION

2.      This court has Jurisdiction under 28 U.S.C. § 1331. This action is brought pursuant to the

Fifth Amendment of the United States Constitution, 42 U.S.C. § 1986, and *Bivens v. Six*

*Unknown Agents of the Federal Bureau of Narcotics,* 403, U.S. 388 (1971).

## VENUE

3.      Venue is proper pursuant to 28 U.S.C. § 1391, because the events giving rise to this

complaint occurred in this district. This Court also has jurisdiction under 28 U.S.C. § 1343.

## PARTIES

4.      Brenda A. Patterson (hereinafter the Plaintiff), is a private U.S. citizen.

5.      United States Department of Justice (hereinafter DOJ), is being sued as an Agency.

6.      John M. Gore (hereinafter Gore), the former Acting United States Assistant Attorney

General, Civil Rights Division for the United States Department of Justice, is being sued in

his individual capacity for acts committed in his official capacity.

7.      Scott S. Harris (hereinafter Harris), is the Clerk for the Supreme Court of the United

States (hereinafter SCOTUS), who is being sued in his official and individual capacity.

8.      Donald J. Trump, (hereinafter Trump), is the former President of the United States, who

is being sued in his individual capacity for acts committed in his official capacity.

9.      Merrick B. Garland (hereinafter Garland), is the United States Attorney General who is

being sued in his official and individual capacity.

10.     Kristen M. Clarke (hereinafter Clarke), is the United States Assistant Attorney General,

Civil Rights Division for the United States Department of Justice who is being sued in her

official and individual capacity.

11.     Joseph R. Biden, Jr. (hereinafter Biden), is the President of the United States who is

being sued in his official and individual capacity.

## STATEMENT OF FACTS

### ASSISTANT ATTORNEY GENERAL NON-DISCRETIONAL RESPONSIBILITIES

12.    Pursuant to Code of Federal Regulation 28.050, the following functions are assigned to, and shall be conducted, handled, or supervised, by the Assistant Attorney General, Civil Rights Division.

   a.   The Enforcement of all Federal statutes affecting civil rights……. including the responsibility of the enforcement of Sections 241 and 242 of Title 18.

   b.   Requesting and reviewing investigations arising from reports or complaints of public officials or private citizens with respect to matters affecting civil rights.

   c.   Conferring with individuals and groups who call upon the Department in connection with civil rights matters, advising such individuals and groups thereon, and initiating action appropriate thereto.

   d.   Coordination within the Department of Justice of all matters affecting civil rights.

   e.   Consultation with and assistance to other Federal departments and agencies and State and local agencies on matters affecting civil rights.

13.    On November 21, 2017, the Plaintiff filed a civil rights Complaint on behalf of her son, Dimitri Jonthiel Patterson (hereinafter DP), to the DOJ, detailing conspiracies to deprive him of his constitutional rights by Miami-Dade County and its Officers, which showed a substantial risk of harm. (See Exhibit A)

14.    On or around December 1, 2017, DP placed a telephone call to the DOJ to confirm if the Complaint had arrived, and was informed that the Plaintiff could expect a response within 90 days.

15.     On May 7, 2018, absent probable cause and a certified warrant, DP was unlawfully arrested by several U.S. Marshals and Orange County Florida Police Officers at the Waldorf Astoria Hotel in Orlando, FL, and taken to the Orange County Florida Jail, and then transferred to the Turner Guilford Knight Correctional Center (TGK) in Miami, Florida, in violation of his Fourth, Thirteenth, and Fourteenth Amendments of the United States Constitution. (See Case Number 21-cv-01427-RDM)

16.     The Civil Rights Complaint filed by the Plaintiff is in connection with purported Florida State Criminal Cases B-15-034548 and F-17-016392, where DP is being put through a fake prosecution related to purported Case F-17-016392 by Miami-Dade County. (See Exhibit A)

17.     On June 8, 2018, at the supervision of Gore, the DOJ Civil Rights Division mailed out correspondence that stated, "We have carefully reviewed the information that you furnished. However, we have concluded that your complaint does not involve prosecutable violations of federal criminal civil rights statutes. This is not a judgment on the truth or merit of your complaint; it is simply to inform you that this is not the type of case that this office prosecutes". (See Exhibit A)

18.     The June 8, 2018 correspondence proves to be an arbitrary and intentional obstruction of the Plaintiff's procedural due process under the Fifth Amendment and Code of Federal Regulations 28.050. (See Exhibit A)

19.     The Civil Rights Complaint filed by the Plaintiff detailed DP being falsely prosecuted by Miami-Dade County. (See Exhibit A)

20.     DP has never been charged with a crime by the State of Florida pursuant to Florida Jurisprudence 2d 1151, 1153, 1163, 1164, 1165, and Florida Statutes 27.181 and 28.222. (See Exhibit A)

21.     DP has never had a warrant issued in his name pursuant to Florida Rules of Criminal
        Procedures 3.121, 3.131, and Florida Statute 28.222. (See Exhibit A)

22.     On October 23, 2018, absent probable cause and a certified warrant, DP was unlawfully
        arrested by Orange County Florida Police Officers, and was taken to the Orange County
        Florida Jail then transported to TGK, where he was unlawfully detained for 18 months.

23.     On January 27, 2020, ten TGK Correctional Officers forced DP into a van and
        transported him to the South Florida Evaluation and Treatment Center (SFETC) into the
        custody of the Florida Department of Children and Families (DCF), where he was illegally
        detained for 14 months.

24.     On May 28, 2021, Clarke received a DOJ Civil Rights Complaint on behalf of DP,
        pursuant to Code of Federal Regulations 28.050. (See Exhibit B)

25.     On June 3, 2021, on behalf of DP, the Plaintiff filed a condensed Civil Rights Complaint
        via the DOJ Online Portal. (See Exhibit B)

26.     On June 8, 2021, DP was illegally transported from SFETC back to TGK, where he was
        detained for two months.

27.     On August 14, 2021, DP was illegally transported from TGK to the Miami-Dade County
        Metro West Detention Center, where he is currently being unlawfully detained.

28.     On November 9, 2021, in response to the Online Portal on June 3 , 2021, the DOJ
        suggested that the Plaintiff may want to contact the FBI, and that the DOJ does not have the
        resources to follow-up on or reply to every letter, which does not comply with Code of
        Regulations 28.050. (See Exhibit B)

29.     As of today, Clarke has not responded to the Civil Rights Complaint filed on May 28,
        2021 pursuant to Code of Federal Regulations 28.050.

## SCOTT S. HARRIS

30.   On Thursday, March 14, 2019, the Plaintiff filed a Petition with the Clerk on behalf of

DP, pursuant to Rules of the Supreme Court of the United States, and 28 U.S.C. 2241.

31.   On Friday, March 14, 2019, the Plaintiff spoke with SCOTUS Case Analyst Michael

Duggan concerning when the Petition would be Docketed, and he responded, "I see cases

with the name Patterson, but nothing with the name Dimitri. I don't believe we've received

anything as of yet. It normally takes seven to ten business days to get to us."

32.   Mr. Duggan further stated that, "Oh no, the documents must first go to our warehouse to

be scanned and cleared. More than likely, we won't receive them until Monday or Tuesday

of next week."

33.   On March 22, 2019, the Plaintiff received from Harris the Petition and the SCOTUS Rule

38 Docket Fee, without a Letter of Deficiency. In addition, Harris refused to file, Docket, and

process the Petition.

34.   On September 25, 2019 on behalf of DP, a Petition was hand delivered to SCOTUS and

filed.

35.   On October 2, 2019, Harris mails out a purported Letter of Acknowledgment stating that

the Petition was filed on August 26, 2019 and placed on the Docket October 2, 2019 as No.

19-441. (See Exhibit C)

36.   On November 4, 2019, Harris signs and mails out a purported Order purporting that

SCOTUS denied the Petition for purported Case Number 19-441. (See Exhibit C)

37.   On November 15, 2019, the Plaintiff filed another Petition with SCOTUS on behalf of

DP.

38.     On November 22, 2019, Harris mails out a purported Letter of Acknowledgment stating

that the Petition was filed on November 14, 2019 and placed on the Docket November 21,

2019 as No. 19-655. (See Exhibit C)

39.     On December 16, 2019, Harris signs and mails out a purported Order purporting that

SCOTUS denied the Petition for purported Case Number 19-655. (See Exhibit C)

40.     On June 9, 2021, SCOTUS received a Petition on behalf of DP.

41.     On June 15, 2021, Harris mails out a purported Letter of Acknowledgment stating that

the Petition was filed on June 9, 2021 and placed on the Docket June 15, 2021 as No. 20-

1729. (See Exhibit C)

42.     On October 4, 2021, Harris signs and mails out a purported Order purporting that

SCOTUS denied the Petition for purported Case Number 20-1729. (See Exhibit C)

43.     On June 10, 2021, SCOTUS received a Petition on behalf of DP.

44.     On June 15, 2021, Harris mails out a purported Letter of Acknowledgment stating that

the Petition was filed on June 9, 2021 and placed on the Docket June 15, 2021 as No. 20-

1730. (See Exhibit C)

45.     On October 4, 2021, Harris signs and mails out a purported Order purporting that

SCOTUS denied the Petition for purported Case Number 20-1730. (See Exhibit C)

46.     On August 20, 2021, SCOTUS received a Petition on behalf of DP.

47.     On August 26, 2021, Harris mails out a purported Letter of Acknowledgment stating that

the Petition was filed on August 19, 2021 and placed on the Docket August 26, 2021 as No.

21-285. (See Exhibit C)

48.     On October 4, 2021, Harris signs and mails out a purported Order purporting that

SCOTUS denied the Petition for purported Case Number 21-285. (See Exhibit C)

## DONALD J. TRUMP

49.   At least nine National Football League (NFL) owners or the companies they control donated to Trump's inaugural committee.

50.   Several of them have also given money to either Trump's campaign or its joint fundraising arm with the Republican Party during the 2016, 2018, and 2020 election cycles, according to Federal Election Commission records.

51.   DP is a former player with the NFL.

52.   From 2017 to present, the NFL Second Career Savings Plan Master Trust and its employees, have ran a 401(k) Qualified Domestic Relations Order Ponzi Scheme against DP concerning an illegitimate alternate payee. (See also Case 1:18-cv-20878-MGC-JG – U.S. District Court of the Southern District of Florida)

53.   On September 21, 2019, the Plaintiff, on behalf of DP, mailed correspondence to Trump detailing the deliberate indifference by the DOJ, obstruction by the SCOTUS Clerk, and Officers of the State of Florida conspiring to deprive DP of his civil rights, pursuant to Article II, Section 3 of the United States Constitution. (See Exhibit D)

54.   After receiving the correspondence, Trump fails to direct the DOJ and the SCOTUS Clerk to perform their ministerial duties.

55.   Trump's non-action has violated the Take Care Clause pursuant to Article II, Section 3 of the United States Constitution.

56.   Article II, Section 3 of the United States Constitution, specifically the Take Care Clause, requires the President to enforce the law.

57.   The executive is under a duty to faithfully execute the laws of Congress and not disregard them, pursuant to Article II, Section 3 of the United States Constitution.

## MERRICK B. GARLAND

58.     Garland has taken an Oath to defend the United States Constitution, which states:

59.     "I do solemnly swear, that I will support and defend the Constitution of the United States against all enemies foreign and domestic.

60.     That I will bear true faith and allegiance to the same.

61.     That I take this obligation freely without any mental reservation, or, purpose of evasion, and that I will well and faithfully discharge the duties upon which I'm about to enter. So help me GOD!"

62.     Orange County Florida Police Officers have proven to be a threat to the Constitution. (See Exhibit E)

63.     The Orange County Florida Jail has proven to be a threat to the Constitution.

64.     Orange County Florida Municipal Judge, Jeanette Bigney, has proven to be a threat to the Constitution.

65.     Miami-Dade Corrections and Rehabilitation Department's Director (hereinafter MDCR), Daniel Junior, has proven to be a threat to the Constitution.

66.     MDCR Correctional Officers have proven to be a threat to the Constitution. (See Exhibit E)

67.     Miami-Dade County Municipal Judge, William I. Altfield, has proven to be a threat to the Constitution. (See Exhibit A)

68.     Miami-Dade County Municipal Judge, Teresa M. Pooler, has proven to be a threat to the Constitution.

69.     Miami-Dade County Municipal Judge, Alberto Milian, has proven to be a threat to the Constitution. (See Exhibit A)

70.    The Florida Department of Children and Families have proven to be a threat to the Constitution. (See Exhibit E)

71.    On April 1, 2021, Garland received a Private Citizen's Civil Rights Complaint on behalf of DP, pursuant to Code of Federal Regulations 28.050. (See Exhibit E)

72.    As of today, the DOJ has refused to investigate, intervene, and prosecute based on the information detailed within the Civil Rights Complaint.

### JOSEPH R. BIDEN, JR.

73.    On April 13, 2021, Biden received correspondence detailing the civil rights violations by the DOJ, the SCOTUS Clerk, and the State of Florida and its Officers. (See Exhibit F)

74.    On April 13, 2021, Biden received a copy of the Private Citizen's Civil Rights Complaint that was sent to Garland on behalf of DP, pursuant to Code of Federal Regulations 28.050. (See Exhibit F)

75.    As of today, Biden has failed to direct the DOJ to investigate, intervene, and prosecute based on the information detailed within the Civil Rights Complaint.

76.    As of today, the SCOTUS Clerk is still obstructing the Petition.

77.    The Defendant's conduct is a direct breach of the "Take Care Clause".

78.    Article II, Section 3 of the United States Constitution requires that the President take care that the laws are faithfully executed.

79.    DP remains illegally detained at the Metro West Detention Center in Miami, FL in violation of his Thirteenth Amendment.

### MEMORANDUM OF LAW FOR
### PURPORTED CASES B-15-034548 AND F-17-016392

### FLORIDA STATUTE 28.222 – CLERK TO BE COUNTY RECORDER:

80.    The clerk of the circuit court shall be the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk.

81.    The clerk of the circuit court shall record all instruments in one general series called "Official Records." He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record. The register of Official Records must be available at each office where official records may be filed.

### FLORIDA STATUTE 27.181

82.    Florida Statute 27.181(1) states: No such appointee shall perform any of the duties of an Assistant State Attorney until he or she have taken and subscribed to a written oath that he or she will faithfully perform the duties of Assistant State Attorney and shall have caused the oath to be recorded in the Office of the Clerk of the Circuit Court of the county in which the appointing State Attorney resides. Upon the recordation of such appointment and oath, the appointing State Attorney shall promptly cause certified copies thereof to be transmitted to the Secretary of State. Florida Statute 27.181(2) states: No such assistant State Attorney may sign Filings of Information unless specifically designated to do so by the State Attorney.

83.    A Filing of Information must be signed by the **designated** assistant State Attorney and the failure of an Assistant State Attorney to sign a Filing of Information, **voids** the charging document (Florida Jur. 2d 1163, 1164 & 1165).

### RULE 3.121 F.R.C.P. ARREST WARRANT

84.    Issuance. An arrest warrant, when issued, shall:

   (1)  be in writing and in the name of the State of Florida;

(2)  set forth substantially the nature of the offense;

(3)  command that the person against whom the complaint was made be arrested and brought before a judge;

(4) specify the name of the person to be arrested or, if the name is unknown to the judge, designate the person by any name or description by which the person can be identified with reasonable certainty, and include a photograph if reasonably available;

(5)  state the date when issued and the county where issued;

(6)  be signed by the judge with the title of the office; or, may be electronically signed by the judge if the arrest warrant bears the affiant's signature, or electronic signature, is supported by an oath or affirmation administered by the judge, or other person authorized by law to administer oaths, and, if submitted electronically, is submitted by reliable electronic means; and (7) for offenses where a right to bail exists, set the amount of bail or other conditions of release, and the return date.

**RULE 3.131 F.R.C.P. – ISSUANCE OF ALIAS CAPIAS; BAIL SPECIFIED**

85.    On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person. If the person named in the indictment or information is a child and the child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. **Upon the filing of the indictment or information, the judge shall endorse the amount of bail**, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's

first appearance hearing. **This endorsement shall be made on the capias and signed by the judge.**

## COUNT I
### Violation of Fifth Amendment
### U.S. Department of Justice

86.     The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-29, 58-72, and 79-85 inclusive, as it is fully stated herein.

87.     The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to due process and to be free in life, liberty and in her person.

88.     The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

89.     The Plaintiff has no other alternative for a remedy.

90.     The Fifth Amendment and the Code of Federal Regulations 28.050 puts the Defendant on notice that its conduct would be clearly unlawful.

91.     The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process when submitting a civil rights complaint with the DOJ.

92.     The Plaintiff has clearly shown a substantial risk of harm to her person.

93.     The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

94.     A reasonable Official would have been compelled to draw an inference to the risk shown, and would have thoroughly investigated the details in the Civil Rights Complaint and reached a final agency action stifling the implicated tortfeasors.

95.     The Defendant has refused to investigate, intervene, and prosecute pursuant to Code of Federal Regulations 28.050 and the Fifth Amendment of the United States Constitution.

96.     The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny

        equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

97.     Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

        internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

        damage to her family, personal, community, civic, and business relationships in Orlando, FL

        and elsewhere, and she is entitled to damages and injunctive relief.

                                        **COUNT II**
                      **Violation of Ninth Amendment/Right to Privacy**
                           **U.S. Department of Justice**

98.     The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-29, 58-72, and 79-

        85 inclusive, as it is fully stated herein.

99.     The Ninth Amendment is a reservoir of personal rights necessary to preserve the dignity

        and existence of men in a free society. *State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at*

        *337, 339.*

100.    The Plaintiff has a guaranteed right under the Ninth Amendment.

101.    The Plaintiff has a right to personal dignity.

102.    The Plaintiff has a right to social wellbeing.

103.    The Plaintiff has a right to economic wellbeing.

104.    The Plaintiff has a right to personal autonomy.

105.    The Plaintiff has a right to be left alone.

106.    All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S.

        100, 124,

107.    All rights that are not specifically described in the Bill of Rights are retained by the

        people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

108.   The Defendant's actions have invaded the Plaintiff's mental solitude.

109.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

### COUNT III
### Bivens v. Six Unknown Agents
### U.S. Department of Justice

110.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-29, 58-72, and 79-

85 inclusive, as it is fully stated herein.

111.   The Plaintiff has a constitutional protected right in the Fifth Amendment and the Code of

Federal Regulations 28.050, and is entitled to due process and to be free in life, liberty, and

in her person.

112.   The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate

indifference.

113.   The Plaintiff has no other alternative for a remedy.

114.   Code of Federal Regulations 28.050 and the Fifth Amendment has put the Defendant on

notice that its conduct would be clearly unlawful.

115.   The conduct of the Defendant violates clearly established statutory and constitutional

rights, of which a reasonable person would have known.

116.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of

the Plaintiff's procedural due process when submitting a civil rights complaint with the

Defendant.

117.   The Plaintiff has clearly shown a substantial risk of harm to her person.

118.    The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

119.    A reasonable Official would have been compelled to draw an inference to the risk shown.

120.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT IV**
**Violation Of 42 U.S.C. 1986**
**U.S. Department of Justice**

121.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-29, 58-72, and 79-85 inclusive, as it is fully stated herein.

122.    The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but willfully turned a blind eye.

123.    The Defendant has the power to prevent the conspiracies mentioned in the Civil Rights Complaint, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050.

124.    DP is part of a protected class of African Americans.

125.    Orange County Florida and Miami-Dade County has conspired to deny DP equal protection of the laws.

126.    The unlawful detainment by Orange County Florida and Miami-Dade County is an act in furtherance of the conspiracy.

127.    The unlawful arrests by Orange County Florida and Miami-Dade County is an act in furtherance of the conspiracy.

128.    Orange County Florida and Miami-Dade County's intent is to railroad DP.

129.    DP has been injured as a direct result of the conspiracy.

130.    The Plaintiff has been injured as a direct result of the conspiracy.

131.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT I
### Violation of Fifth Amendment
### John M. Gore

132.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-23, 26-27, and 79-

85 inclusive, as it is fully stated herein.

133.    The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to

due process and to be free in life, liberty and in her person.

134.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate

indifference.

135.    The Plaintiff has no other alternative for a remedy.

136.    The Fifth Amendment and the Code of Federal Regulations 28.050 puts the Defendant on

notice that his conduct would be clearly unlawful.

137.    The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of

the Plaintiff's procedural due process when submitting a civil rights complaint with the DOJ.

138.    The Plaintiff has clearly shown a substantial risk of harm to her person.

139.    The Defendant was made aware on several occasions of the substantial risk of serious

harm that existed.

140.   A reasonable Official would have been compelled to draw an inference to the risk shown and would have thoroughly investigated the details in the Civil Rights Complaint and reached a final agency action stifling the implicated tortfeasors.

141.   The Defendant has refused to investigate, intervene, and prosecute pursuant to Code of Federal Regulations 28.050 and the Fifth Amendment of the United States Constitution.

142.   The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

143.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

### COUNT II
### Ninth Amendment/Violation of Right to Privacy
### John M. Gore

144.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-23, 26-27, and 79-85 inclusive, as it is fully stated herein.

145.   The Ninth Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.*

146.   The Plaintiff has a guaranteed right under the Ninth Amendment.

147.   The Plaintiff has a right to personal dignity.

148.   The Plaintiff has a right to social wellbeing.

149.   The Plaintiff has a right to economic wellbeing.

150.   The Plaintiff has a right to personal autonomy.

151.    The Plaintiff has a right to be left alone.

152.    All rights are retained that has not been surrendered. *United States v. Darby*, 312 U. S. 100, 124,

153.    All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

154.    The Defendant's actions have invaded the Plaintiff's mental solitude.

155.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT III
### Bivens v. Six Unknown Agents
### John M. Gore

156.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-23, 26-27, and 79-85 inclusive, as it is fully stated herein.

157.    The Plaintiff has a constitutional protected right in the Fifth Amendment and the Code of Federal Regulations 28.050, and is entitled to due process and to be free in life, liberty, and in her person.

158.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

159.    The Plaintiff has no other alternative for a remedy.

160.    Code of Federal Regulations 28.050 and the Fifth Amendment has put the Defendant on notice that his conduct would be clearly unlawful.

161.    The conduct of the Defendant violates clearly established statutory and constitutional rights, of which a reasonable person would have known.

162.    The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process when submitting a civil rights complaint with the Defendant.

163.    The Plaintiff has clearly shown a substantial risk of harm to her person.

164.    The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

165.    A reasonable Official would have been compelled to draw an inference to the risk shown.

166.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

### COUNT IV
### Violation of 42 U.S.C 1986
### John M. Gore

167.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-23, 26-27, and 79-85 inclusive, as it is fully stated herein.

168.    The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but willfully turned a blind eye.

169.    The Defendant has the power to prevent the conspiracies mentioned in the Civil Rights Complaint, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050.

170.    DP is part of a protected class of African Americans.

171.    Orange County Florida and Miami-Dade County has conspired to deny DP equal protection of the laws.

172.    The unlawful detainment by Orange County Florida and Miami-Dade County is an act in furtherance of the conspiracy.

173.    The unlawful arrests by Orange County Florida and Miami-Dade County is an act in furtherance of the conspiracy.

174.    Orange County Florida and Miami-Dade County's intent is to railroad DP.

175.    DP has been injured as a direct result of the conspiracy.

176.    The Plaintiff has been injured as a direct result of the conspiracy.

177.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT V
### Negligent Infliction of Emotional Distress
### John M. Gore

178.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12-23, 26-27, and 79-85 inclusive, as it is fully stated herein.

179.    The Defendant was negligent in refusing to investigate, intervene, and prosecute.

180.    The Defendant failed to use reasonable care.

181.    A reasonable Official under similar circumstances would have investigated, intervened, and reached a final agency action.

182.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

183.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT I
### Violation of Fifth Amendment
### Scott S. Harris

184.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 30-48, and 79-85

inclusive, as it is fully stated herein.

185.    The Plaintiff has a constitutional protected right in the Fifth Amendment, 28 U.S.C. 2241,

28 U.S.C. 2242, 28 U.S.C. 2243, and the Rules of SCOTUS, and is entitled to due process

and to be free in life, liberty and in her person.

186.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate

indifference, fraud, and obstruction by refusing to file, Docket, and submit the Petition.

187.    The Plaintiff has no other alternative for a remedy.

188.    The Fifth Amendment, 28 U.S.C. 2241, 28 U.S.C. 2242, 28 U.S.C. 2243, and the Rules

of SCOTUS, puts the Defendant on notice that his conduct is clearly unlawful.

189.    The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of

the Plaintiff's procedural due process when filing a Petition.

190.    The Plaintiff has clearly shown a substantial risk of harm to her person.

191.    The Defendant was made aware on several occasions of the substantial risk of serious

harm that existed.

192.    A reasonable Clerk would have performed his ministerial duty.

193.    The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

194.    The Defendant's obstruction of the Petition is not a judicial act. Therefore, absolute immunity cannot extend.

195.    The Defendant mailing out a purported disposition constitutes fraud. Therefore, absolute immunity cannot extend.

196.    The Defendant has obstructed the Plaintiff's Due Process by refusing to process, file, and Docket the Petition.

197.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT II
### Violation of Ninth Amendment/Right to Privacy
### Scott S. Harris

198.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 30-48, and 79-85 inclusive, as it is fully stated herein.

199.    The Ninth Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.*

200.    The Plaintiff has a guaranteed right under the Ninth Amendment.

201.    The Plaintiff has a right to personal dignity.

202.    The Plaintiff has a right to social wellbeing.

203.    The Plaintiff has a right to economic wellbeing.

204.    The Plaintiff has a right to personal autonomy.

205.    The Plaintiff has a right to be left alone.

206.    All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S.

100, 124,

207.    All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

208.    The Defendant's actions have invaded the Plaintiff's mental solitude.

209.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT III
### Bivens v. Six Unknown Agents
### Scott S. Harris

210.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 30-48, and 79-85

inclusive, as it is fully stated herein.

211.    The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to

due process and to be free in life, liberty, and in her person.

212.    The Defendant has violated the Plaintiff's Fifth Amendment by an act of deliberate

indifference by refusing to file, Docket, and submit the Plaintiff's Petition to the appropriate

Justice.

213.    The Plaintiff has no other alternative for a remedy.

214.    The Fifth Amendment, 28 U.S.C. 2241, 28 U.S.C. 2242, 28 U.S.C. 2243, and the Rules

of SCOTUS, puts the Defendant on notice that his conduct is clearly unlawful.

215.   The conduct of the Defendant violates clearly established statutory and constitutional rights, of which a reasonable person would have known.

216.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff 's procedural due process when filing a Petition.

217.   The Plaintiff has clearly shown a substantial risk of harm.

218.   The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

219.   A reasonable official would have been compelled to draw an inference to the risk shown.

220.   The Defendant's obstruction of the Petition is not a judicial act. Therefore, absolute immunity cannot extend.

221.   The Defendant mailing out a purported disposition constitutes fraud. Therefore, absolute immunity cannot extend.

222.   The Defendant has obstructed the Plaintiff's Due Process by refusing to process, file, and Docket the Petition.

223.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT I**
**Violation of 42 U.S.C 1986**
**Donald J. Trump**

224.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 23, 26, 27, 49-57, and 79-85 inclusive, as it is fully stated herein.

225. The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but willfully turned a blind eye.

226. The Defendant had the power to intervene in the 42 U.S.C. 1985(3) conspiracy, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050, and Article II, Section 3 of the United States Constitution.

227. DP is part of a protected class of African Americans.

228. The unlawful detainment and purported prosecution by Orange County Florida, and Miami-Dade County, constitutes an act of furtherance of the conspiracy.

229. The SCOTUS Clerk, the DOJ, and the State of Florida, has denied DP and the Plaintiff equal protection of the laws.

230. The SCOTUS Clerk acts of obstruction of the Petition and fraud, constitutes an act of furtherance of the conspiracy.

231. DOJ's deliberate indifference by refusing to investigate, intervene, and prosecute, is an act of furtherance of the conspiracy.

232. Orange County Florida and Miami-Dade County's intent is to railroad DP.

233. DP has been injured as a direct result of the conspiracy.

234. The Plaintiff has been injured as a direct result of the conspiracy.

235. Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT II**
**Negligent Infliction of Emotional Distress**
**Donald J. Trump**

236. The Plaintiff re-alleges each and every allegation in paragraphs 1, 23, 26, 27, 49-57, and 79-85 inclusive, as it is fully stated herein.

237. The Defendant was negligent by refusing to perform his ministerial duty.

238. The Defendant failed to use reasonable care.

239. A reasonable Official under similar circumstances would have directed the SCOTUS Clerk and the DOJ to perform their ministerial duties.

240. As a result of the Defendant's negligence, the Plaintiff has been severely injured.

241. Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT III
### Violation of Ninth Amendment/Right to Privacy
### Donald J. Trump

242. The Plaintiff re-alleges each and every allegation in paragraphs 1, 23, 26, 27, 49-57, and 79-85 inclusive, as it is fully stated herein.

243. The Ninth Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.*

244. The Plaintiff has a guaranteed right under the Ninth Amendment.

245. The Plaintiff has a right to personal dignity.

246. The Plaintiff has a right to social wellbeing.

247. The Plaintiff has a right to economic wellbeing.

248. The Plaintiff has a right to personal autonomy.

249.   The Plaintiff has a right to be left alone.

250.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

251.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

252.   The Defendant's non-actions have invaded the Plaintiff's mental solitude.

253.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

### COUNT I
### Violation of Fifth Amendment
### Merrick B. Garland

254.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, 58-72, and 79-85 inclusive, as it is fully stated herein.

255.   The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to due process and to be free in life, liberty and in her person.

256.   The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

257.   The Plaintiff has no other alternative for a remedy.

258.   The Fifth Amendment and the Code of Federal Regulations 28.050 puts the Defendant on notice that his conduct would be clearly unlawful.

259.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process when submitting a civil rights complaint with the DOJ.

260.    The Plaintiff has clearly shown a substantial risk of harm to her person.

261.    The Defendant was made aware on several occasions of the substantial risk of serious

harm that existed.

262.    A reasonable Official would have been compelled to draw an inference to the risk shown

and would have thoroughly investigated the details in the Civil Rights Complaint and

reached a final agency action stifling the implicated tortfeasors.

263.    The Defendant has refused to investigate, intervene, and prosecute pursuant to Code of

Federal Regulations 28.050 and the Fifth Amendment of the United States Constitution.

264.    The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny

equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

265.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT II
### Bivens v. Six Unknown Agents
### Merrick B. Garland

266.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29,

58-72, and 79-85 inclusive, as it is fully stated herein.

267.    The Plaintiff has a constitutional protected right in the Fifth Amendment and the Code of

Federal Regulations 28.050, and is entitled to due process and to be free in life, liberty, and

in her person.

268.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate

indifference.

29

269.   The Plaintiff has no other alternative for a remedy.

270.   Code of Federal Regulations 28.050 and the Fifth Amendment has put the Defendant on notice that his conduct would be clearly unlawful.

271.   The conduct of the Defendant violates clearly established statutory and constitutional rights, of which a reasonable person would have known.

272.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process when submitting a civil rights complaint with the Defendant.

273.   The Plaintiff has clearly shown a substantial risk of harm to her person.

274.   The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

275.   A reasonable Official would have been compelled to draw an inference to the risk shown.

276.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT III**
**Violation Of 42 U.S.C. 1986**
**Merrick B. Garland**

277.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, 58-72, and 79-85 inclusive, as it is fully stated herein.

278.   The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but willfully turned a blind eye.

279.    The Defendant has the power to prevent the conspiracies mentioned in the Civil Rights

Complaint, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050.

280.    DP is part of a protected class of African Americans.

281.    Orange County Florida and Miami-Dade County has conspired to deny DP equal

protection of the laws.

282.    The unlawful detainment by Orange County Florida and Miami-Dade County is an act in

furtherance of the conspiracy.

283.    The unlawful arrests by Orange County Florida and Miami-Dade County is an act in

furtherance of the conspiracy.

284.    Orange County Florida and Miami-Dade County's intent is to railroad DP.

285.    DP has been injured as a direct result of the conspiracy.

286.    The Plaintiff has been injured as a direct result of the conspiracy.

287.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT I
### Violation of Fifth Amendment
### Kristen M. Clarke

288.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29,

and 79-85 inclusive, as it is fully stated herein.

289.    The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to

due process and to be free in life, liberty and in her person.

290.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate

indifference.

291.    The Plaintiff has no other alternative for a remedy.

292.    The Fifth Amendment and the Code of Federal Regulations 28.050 puts the Defendant on

notice that her conduct would be clearly unlawful.

293.    The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of

the Plaintiff's procedural due process when submitting a civil rights complaint with the DOJ.

294.    The Plaintiff has clearly shown a substantial risk of harm to her person.

295.    The Defendant was made aware on several occasions of the substantial risk of serious

harm that existed.

296.    A reasonable Official would have been compelled to draw an inference to the risk shown

and would have thoroughly investigated the details in the Civil Rights Complaint and

reached a final agency action stifling the implicated tortfeasors.

297.    The Defendant has refused to investigate, intervene, and prosecute pursuant to Code of

Federal Regulations 28.050 and the Fifth Amendment of the United States Constitution.

298.    The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny

equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

299.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT II**
**Ninth Amendment/Violation of Right to Privacy**
**Kristen M. Clarke**

300.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, and 79-85 inclusive, as it is fully stated herein.

301.   The Ninth Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.*

302.   The Plaintiff has a guaranteed right under the Ninth Amendment.

303.   The Plaintiff has a right to personal dignity.

304.   The Plaintiff has a right to social wellbeing.

305.   The Plaintiff has a right to economic wellbeing.

306.   The Plaintiff has a right to personal autonomy.

307.   The Plaintiff has a right to be left alone.

308.   All rights are retained that has not been surrendered. *United States v. Darby, 312 U. S. 100, 124,*

309.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

310.   The Defendant's actions have invaded the Plaintiff's mental solitude.

311.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT III
### Bivens v. Six Unknown Agents
### Kristen M. Clarke

312.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, and 79-85 inclusive, as it is fully stated herein.

313.   The Plaintiff has a constitutional protected right in the Fifth Amendment and the Code of Federal Regulations 28.050, and is entitled to due process and to be free in life, liberty, and in her person.

314.   The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

315.   The Plaintiff has no other alternative for a remedy.

316.   Code of Federal Regulations 28.050 and the Fifth Amendment has put the Defendant on notice that her conduct would be clearly unlawful.

317.   The conduct of the Defendant violates clearly established statutory and constitutional rights, of which a reasonable person would have known.

318.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process when submitting a civil rights complaint with the Defendant.

319.   The Plaintiff has clearly shown a substantial risk of harm to her person.

320.   The Defendant was made aware on several occasions of the substantial risk of serious harm that existed.

321.   A reasonable Official would have been compelled to draw an inference to the risk shown.

322.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT IV
## Violation of 42 U.S.C 1986
## Kristen M. Clarke

323.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29,

and 79-85 inclusive, as it is fully stated herein.

324.    The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but

willfully turned a blind eye.

325.    The Defendant has the power to prevent the conspiracies mentioned in the Civil Rights

Complaint, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050.

326.    DP is part of a protected class of African Americans.

327.    Orange County Florida and Miami-Dade County has conspired to deny DP equal

protection of the laws.

328.    The unlawful detainment by Orange County Florida and Miami-Dade County is an act in

furtherance of the conspiracy.

329.    The unlawful arrests by Orange County Florida and Miami-Dade County is an act in

furtherance of the conspiracy.

330.    Orange County Florida and Miami-Dade County's intent is to railroad DP.

331.    DP has been injured as a direct result of the conspiracy.

332.    The Plaintiff has been injured as a direct result of the conspiracy.

333.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of

internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating

damage to her family, personal, community, civic, and business relationships in Orlando, FL

and elsewhere, and she is entitled to damages and injunctive relief.

## COUNT I
## Violation of Fifth Amendment

Joseph R. Biden, Jr.

334.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, and 58-85.

335.   The Plaintiff has a constitutional protected right in the Fifth Amendment and is entitled to due process and to be free in life, liberty and in her person.

336.   The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

337.   The Plaintiff has no other alternative for a remedy.

338.   The Fifth Amendment and Article II, Section 3 of the United States Constitution, puts the Defendant on notice that his conduct would be clearly unlawful.

339.   The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process.

340.   The Plaintiff has clearly shown a substantial risk of harm to her person.

341.   The Defendant was made aware of the substantial risk of serious harm that existed.

342.   A reasonable Official would have been compelled to draw an inference to the risk shown.

343.   The Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. *Vance v. Bradley, 440 US 93- Supreme Court 1979*

344.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT II**
**Bivens v. Six Unknown Agents**
**Joseph R. Biden, Jr.**

345.    The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, and 58-85  inclusive, as it is fully stated herein.

346.    The Plaintiff has a constitutional protected right in the Fifth Amendment, and is entitled to due process and to be free in life, liberty, and in her person.

347.    The Defendant has violated the Plaintiff's Fifth Amendment by the act of deliberate indifference.

348.    The Plaintiff has no other alternative for a remedy.

349.    Article II, Section 3 of the United States Constitution and the Fifth Amendment. has put the Defendant on notice that his conduct would be clearly unlawful.

350.    The conduct of the Defendant violates clearly established statutory and constitutional rights, of which a reasonable person would have known.

351.    The conduct of the Defendant has proven to be arbitrary and an intentional obstruction of the Plaintiff's procedural due process.

352.    The Plaintiff has clearly shown a substantial risk of harm to her person.

353.    The Defendant was made aware of the substantial risk of serious harm that existed.

354.    A reasonable Official would have been compelled to draw an inference to the risk shown.

355.    Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

**COUNT III**
**Violation Of 42 U.S.C. 1986**
**Joseph R. Biden, Jr.**

356.   The Plaintiff re-alleges each and every allegation in paragraphs 1, 12, 16, 20-21, 24-29, and 58-85 inclusive, as it is fully stated herein.

357.   The Defendant was made aware of a 42 U.S.C. 1985(3) conspiracy concerning DP, but willfully turned a blind eye.

358.   The Defendant has the power to intervene in the 42 U.S.C. 1985(3) conspiracy, but willfully failed to intervene pursuant to Code of Federal Regulations 28.050, and Article II, Section 3 of the United States Constitution.

359.   DP is part of a protected class of African Americans.

360.   The unlawful detainment and purported prosecution by Orange County Florida and Miami-Dade County, constitutes an act of furtherance of the conspiracy.

361.   The SCOTUS Clerk, the DOJ, and the State of Florida, has denied DP and the Plaintiff equal protection of the laws.

362.   The SCOTUS Clerk acts of obstruction of the Petition and fraud, constitutes an act of furtherance of the conspiracy.

363.   DOJ's deliberate indifference by refusing to investigate, intervene, and prosecute, is an act of furtherance of the conspiracy.

364.   Orange County Florida and Miami-Dade County's intent is to railroad DP.

365.   DP has been injured as a direct result of the conspiracy.

366.   The Plaintiff has been injured as a direct result of the conspiracy.

367.   Because of the acts committed, the Plaintiff has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to her wellbeing, and devastating damage to her family, personal, community, civic, and business relationships in Orlando, FL and elsewhere, and she is entitled to damages and injunctive relief.

## RELIEF

368.   **WHEREFORE**, the Plaintiff, Brenda A. Patterson, respectfully demands that this court:

369.   Hereby request a jury trial on all issues raised in this Complaint.

370.   Enter a judgment in favor of the Plaintiff in the amount of four hundred million (400,000,000.00) dollars pursuant to the Fifth Amendment, 42 U.S.C. 1986, 28 U.S.C. § 1343, and <u>Bivens v. Six Unknown Agents</u>.

371.   Grant injunctive relief ordering the DOJ to investigate and intervene on behalf of the Plaintiff.

372.   Grant permanent injunction enjoining and restraining the SCOTUS Clerk from refusing to file and Docket the Petition.

Brenda A. Patterson
16877 East Colonial Drive, #403
Orlando, FL 32820
1bapone1@gmail.com
407-777-2269

## VERIFICATION

Pursuant to 28 U.S.C. § 1746 I, Brenda A. Patterson, declare as follows:

1. I am a Plaintiff in the following case and a citizen in the United States of America and a resident of Florida.

2. I have personal knowledge of the factual statements set forth in the foregoing *Verified Complaint for Damages and Injunctive relief,* and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty and perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and the actions of the federal and state officers named in this *Verified Complaint* are true and correct.

Executed on December 14, 2021.

Brenda A. Patterson